UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHENAZ KAHN, a/k/a SHENAZ GEORGILIS,

           Appellant,

  -against-

CORNING FEDERAL CREDIT UNION, et al,

           Appellees.
------------------------------------------------------------X

For Online Publication Only

**ORDER**
Bankr. Case No. 8-14-75498
16-CV-454 (JMA)

FILED
CLERK
10/11/2016 1:52 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      On January 28, 2016, the pro se appellant filed a Notice of Appeal from an Order issued by Bankruptcy Court Judge Robert E. Grossman. Pursuant to Federal Rule of Bankruptcy Procedure 8018, appellant was to serve and file his brief within thirty days of the notice provided by Docket Entry 10, entered and mailed to appellant on March 16, 2016. To date, there is no indication that appellant has served or filed his brief.

      This Court issued an Order to Show Cause on May 10, 2016, directing appellant to respond and show cause why his appeal should not be dismissed by May 23, 2016. The Court also sua sponte granted appellant an extension of time and set forth a new briefing schedule for the appeal. Appellant's brief was due by June 13, 2016. To date, appellant has not responded to the Order to Show Cause or served or filed his brief with the Court. The Court issued a second Order to Show Cause on July 11, 2016, directing appellant to respond by July 29, 2016. Appellant was warned that failure to respond to the Order would result in dismissal of the action. To date, there has been no response.

      Rule 41(b) of the Federal Rules of Civil Procedure provides, in pertinent part, "[i]f the

1

plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance. Peters v. Dep't of Corr. of New York City, 306 F.R.D. 147, 149 (S.D.N.Y. 2015) (citing LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001)). When considering dismissal for failure to prosecute pursuant to Rule 41(b), the court considers five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014). Generally, no single factor is dispositive. Id.

The Court finds that dismissal in this case is warranted. First, it has been over eight months since appellant has filed anything in this case. Although appellant has been directed to either file his brief or otherwise respond to the Court on three separate occasions date, he has not filed his brief or responded to the Court in any way. Second, appellant received his first warning about dismissal for failure to prosecute in May 2016. Over a span of almost five months, appellant has in no way responded to that warning. Appellant has also not responded to the Court's second warning. Third, the appellees—who have already had to oppose appellant in the underlying bankruptcy matter—have faced a lingering possibility of additional briefing on this appeal over the last eight months. Fourth, the Court has already sua sponte extended appellant's time to submit his brief and received no response. Finally, given that plaintiff has already ignored previous warnings, the Court finds that lesser sanctions would be ineffective.

2

As it appears that plaintiff is no longer pursuing this case, the appeal is dismissed. The Clerk of Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Date:   October 11, 2016
        Central Islip, New York

                                                  /s/ (JMA)
                                        Joan M. Azrack
                                        United States District Judge